UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| JOSH TWARDOSKY, on behalf of himself and all similarly-situated individuals,<br><br>    Plaintiff,<br><br>v.<br><br>WASTE MANAGEMENT, INC. OF FLORIDA and WASTE MANAGEMENT, INC.,<br><br>    Defendants. | CASE NO.: _____ |

## NOTICE OF REMOVAL

Defendants Waste Management, Inc. of Florida and Waste Management Inc.[1] ("Defendants") respectfully file this Notice of Removal of the above-captioned case from the Circuit Court of the Fifth Judicial Circuit in and for Hernando County, Florida (hereinafter "State Court") to the United States Court of the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §§ 1331, 1332(d), 1441(a) and (b), and 1446. In connection with this Notice of Removal, Defendants state as follows:

**I.     PLAINTIFF'S LAWSUIT**

1.     On August 26, 2019, Plaintiff Josh Twardosky ("Plaintiff") initiated this action in the State Court by filing a Complaint against Defendant Waste Management Inc. of Florida. The State Court designated Plaintiff's lawsuit as Case No. 2019-CA-971 (hereinafter "State

---

[1] Defendant Waste Management Inc. of Florida has no comma in its name.

1

Court Action"). On or about August 30, 2019, Plaintiff filed his First Amended Class Action Complaint and Demand for Jury Trial, adding Defendant Waste Management, Inc.

2. Pursuant to 28 U.S.C. § 1446(a), attached as **Exhibit A** are true and correct copies of "all process, pleadings and orders" that have been served upon Defendants in the State Court Action.

3. This lawsuit purports to arise out of the background check forms Defendants allegedly provided to Plaintiff and putative class members. The Amended Complaint purports to raise claims under the Fair Credit Reporting Act of 1970, as amended ("FCRA"), 15 U.S.C. § 1681 *et seq*. (*See* Exhibit A, First Amended Complaint.)

## II.   PROCEDURAL PREREQUISITES FOR REMOVAL

4. The Complaint, First Amended Class Action Complaint, and Summons were served on Defendants on September 6, 2019. Therefore, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief…." 28 U.S.C. § 1446(b).

5. As required by 28 U.S.C. § 1446(d), a "Notice to State Court of Filing Notice of Removal" and a copy of this Notice of Removal, will be promptly filed with the State Court (and served on Plaintiff's counsel) after the filing of this Notice of Removal. Attached as **Exhibit B** is a true and exact copy of the "Notice to State Court of Filing Notice of Removal" (without exhibits).

6. The State Court in which this action was commenced is within this Court's judicial district and division; therefore venue is proper for this removal. *See* 28 U.S.C. § 123(a)(1).

### III. REMOVAL JURISDICTION

#### A. This Court Has Federal Question Jurisdiction

7. A district court's federal question jurisdiction extends to those cases in which a "well-plead complaint established either (1) that a federal law creates a cause of action or (2) that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers*, 463 U.S. 1, 27-28 (1983). The question of whether a claim arises under federal law must be determined by reference to the "well-pleaded complaint." *Id.* at 9-10.

8. Plaintiff presents federal questions to the Court by alleging violations of the FCRA, 15 U.S.C. § 1681b(b)(2), in his two causes of action (*See* Exhibit A, First Amended Complaint, ¶¶ 54-58 and 60-64.)

9. Therefore, this Court has original jurisdiction of this matter under the provisions of 28 U.S.C. § 1331 because the FCRA is a federal law, and Plaintiff's Amended Complaint contains no other causes of action.

#### B. This Court Has Jurisdiction Pursuant To the Class Action Fairness Act

10. This Court also has original jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"). CAFA grants federal district courts original jurisdiction over class action lawsuits filed under federal or state law in which there are greater than 100 members of the class, and any member of a class of plaintiffs is a citizen of a state different

from any defendant, and the matter in controversy exceeds five million dollars ($5,000,000), exclusive of interest and costs. 28 U.S.C. § 1332(d). CAFA authorizes removal of qualifying actions in accordance with 28 U.S.C. § 1446. This case meets each of CAFA's requirements for removal because, as is set forth more particularly below: (1) the proposed class contains at least 100 members; (2) there is diversity between at least one putative class member and one defendant; (3) the total amount in controversy exceeds $5,000,000; and (4) the defendant is not a state official or other governmental entity.

### 1. Plaintiff's First Amended Complaint Is Pled as a Class Action With Over 100 Members.

11. Under CAFA, a "class action" means any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

12. Plaintiff's Amended Complaint asserts that Plaintiff is attempting to represent employees and prospective employees subject to background check reports obtained by Defendants over the five years preceding the filing of the Complaint. (*See* Exhibit A, First Amended Complaint ¶ 44.)

13. CAFA provides that "the number of members of all proposed plaintiff classes in the aggregate [not be] less than 100." 28 U.S.C. § 1332(d)(5)(B). CAFA defines "class members" as those "persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(l)(D).

14. Here, Plaintiff specifically pleads that the proposed class "is comprised of at least thousands of members." (*See* Exhibit A, First Amended Complaint ¶ 45.)

15. Because Plaintiff pleads that his proposed class significantly exceeds one hundred (100) members, CAFA's numerosity requirement is satisfied for purposes of removal at this time. *See* 28 U.S.C. § 1332(d)(5)(B).

### 2. Plaintiff and Defendant Waste Management, Inc. Are Citizens Of Different States.

16. CAFA diversity jurisdiction exists if "any member of a class of plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

17. For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1). Plaintiff alleges that Defendant Waste Management, Inc. is a Delaware Corporation with a principal place of business located in Texas. (*See* Exhibit A, First Amended Complaint ¶ 14.) Defendant Waste Management, Inc. is thus not a governmental entity for CAFA purposes and is not a citizen of Florida.

18. Upon information and belief, Plaintiff is a citizen of Florida. (*See* Exhibit A, First Amended Complaint ¶ 12.)

19. For these reasons, the CAFA requirements for diversity jurisdiction are met because Plaintiff and Defendant Waste Management, Inc. are citizens of different states.

### 3. More Than $5 Million Is Alleged To Be In Controversy.

20. CAFA requires the "matter in controversy" to exceed "the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). The claims of the individual class members "shall be aggregated" to determine whether the matter in controversy exceeds this amount. *Id.*

21.     Plaintiff has not alleged a specific amount in controversy in his Amended Complaint.  In this circumstance, the defendant need only plead a "short and plain statement of the grounds for removal" and "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Op. Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 553 (2014).

22.     Here, Plaintiff seeks the certification of a nationwide class, covering employees and prospective employees who were the subject of a background check report obtained by Defendants in the five years preceding the filing of the Complaint. (*See* Exhibit A, First Amended Complaint ¶ 44.)  Plaintiff pleads that the number of class members is "at least thousands of members." (*Id.* ¶ 45.)  Plaintiff also asserts that Defendant Waste Management, Inc. employs "approximately 43,000 individuals across the United States." (*Id.* ¶ 2.)  Plaintiff seeks statutory damages of up to $1,000 per class member. (*Id.* ¶¶ 57, 63.)  Plaintiff also seeks punitive damages and attorneys' fees. (*Id.*)  Punitive damages of four times the amount of statutory damages have been upheld as constitutional, depending on the circumstances. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) (noting same).  Although Plaintiff's class definition will require intensive class member-by-class member individualized inquiries in order to determine membership (which Defendants further contend will ultimately not be feasible in this action), if Plaintiff's proposed class only numbered 1,000 members (instead of *thousands*, or over *43,000*, the potential size alleged in the Amended Complaint), over five million dollars would be in controversy (*e.g.*, 1,000 putative class members x $1,000

statutory damages per class member + quadruple multiple of punitive damages + at least $1 in attorneys' fees = over $5,000,000).[2]

23. Therefore, while Defendants deny Plaintiff's claims of wrongdoing and his request for relief, and further denies that class certification is appropriate, proper or allowable in this matter, and further contends that the certification of any class action would, among other things, violate Defendants' due process and other rights, the facial allegations in Plaintiff's Amended Complaint, when viewed in the light most favorable to Plaintiff, plead an amount in controversy in excess of the $5 million jurisdictional minimum.

24. By filing the Notice of Removal, Defendants do not waive any objections they may have as to service, jurisdiction, venue, or any other defenses available at law, in equity or otherwise. Defendants intend no admission of fact or law by this Notice and expressly reserve all defenses and motions. Without limiting any of the foregoing, Defendants specifically further reserve the right to argue all available defenses and arguments as to Plaintiff's ability to sustain his claims in this Court, and all defenses and arguments with respect to the ascertainability of any putative class members, the impropriety of Plaintiff's proposed class definition, the impropriety of class certification and the amount and availability of the damages claimed.

## IV.   CONCLUSION

25. This action is removable to this Court because: (a) this Court has original jurisdiction over this case under 28 U.S.C. § 1331 ("federal question jurisdiction") and in the

---

[2] Defendants in no way concede that there is a certain number of members in the proposed class, nor that it is administratively feasible to identify such putative class members, nor that there are actually issues common to the putative class.

alternative jurisdiction under CAFA; (b) this Notice of Removal is filed within thirty days (30) after Defendants were served with the Complaint and Amended Complaint and (c) the State Court in which this action was commenced is within this Court's district and division.

WHEREFORE, Defendants respectfully remove this action from the State Court to this honorable Court.

Dated this 4th day of October, 2019.

        Respectfully submitted,

        LITTLER MENDELSON, P.C.
        111 N. Orange Avenue, Suite 1750
        Orlando, Florida 32801-2366
        Telephone:   (407) 393-2900
        Facsimile:     (407) 393-2929

BY:   */s/ Nancy A. Johnson*
        Nancy A. Johnson
        Fla. Bar No.: 597562
        Email:  najohnson@littler.com

        William J. Simmons (*pro hac vice* application forthcoming)
        PA #206860
        Email: wsimmons@littler.com
        **LITTLER MENDELSON, P.C.**
        Three Parkway
        1601 Cherry Street, Suite 1400
        Philadelphia, PA  19102.1321
        (t) 267.402.3047

        *Counsel for Defendants*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 4th day of October, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and a correct copy of the foregoing has been furnished electronic mail to: Brandon J. Hill, Esq., WENZEL FENTON CABASSA, P.A., 1110 North Florida Ave., Suite 300, Tampa, Florida 33602, email: bhill@wfclaw.com; jcornell@wfclaw.com rcooke@wfclaw.com.


                          */s/ Nancy A. Johnson*
                          Nancy A. Johnson