UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSH TWARDOSKY,

    Plaintiff,

v.                                                    Case No: 8:19-cv-2467-T-36TGW

WASTE MANAGEMENT, INC. OF
FLORIDA and WASTE MANAGEMENT,
INC.,

    Defendants.
_____

## ORDER

This cause comes before the Court upon Defendants' Motion to Stay Proceedings Pending Court's Ruling on Defendant's Motion to Transfer (Doc. 16) ("Stay Motion") and Plaintiff's response in opposition (Doc. 19). Defendants request that the Court stay discovery pending the Court's determination of Defendants' motion to transfer this case to the Southern District of Texas. For the reasons that follow, Defendants' Stay Motion is denied.

The Court has broad discretion to stay proceedings as incidental to its power to control its own docket. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). District courts have "inherent power not governed by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Castle v. Appalachian Technical College*, 430 Fed. Appx. 840, 841 (11th Cir. 2011) (internal quotations omitted) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). A decision to stay is left to the discretion of the district court, s*ee Clinton*, 520 U.S. at 706, and the party seeking the stay has the burden of demonstrating why a

1

stay should issue. *See Postel Indus., Inc. v. Abrams Grp. Constr., L.L.C.,* No. 6:11-cv-1179-Orl-28DAB, 2013 WL 1881560, at *4 (M.D. Fla. Mar. 29, 2013).

Motions to stay discovery may be granted pursuant to Rule 26(c), Fed. R. Civ. P. if there is a showing of good cause and reasonableness. *Radenhausen v. U.S. Coast Guard*, No. 3:13-cv-268-J-39JRK, 2014 WL 12634274, at *1 (M.D. Fla. Jan. 13, 2014). However, motions to stay discovery are disfavored as they "can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D 651, 652 (M.D. Fla. 1997). Accordingly, a stay of all discovery pending resolution of a motion is rarely appropriate unless resolution of the motion would dispose of the entire case. *Id.* The Court must balance several concerns, i.e., it must determine whether the pending motion will be granted and entirely eliminate the need for discovery. *Id.*

Here, as Plaintiff points out, whether or not this case is transferred to another district court has no bearing on the parties' need to complete discovery.[1] Stated differently, the motion to transfer, which is a non-dispositive motion, will not dispose of the entire case and entirely eliminate the need for discovery. Staying discovery in this case at this stage would be more likely to create, not alleviate, case management problems. The Court, therefore, declines to stay discovery pending the Court's resolution of Defendants' motion to transfer.

**Accordingly, it is ORDERED:**

1. Defendants' Motion to Stay Proceedings Pending Court's Ruling on Defendant's Motion to Transfer (Doc. 16) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on December 3, 2019.

---

[1] As Plaintiff also points out, this case differs from the case Defendants cite, *Stanton v. Wells Fargo & Co.*, No. 8:16-CV-3318-T-36JSS, 2017 WL 3701143, at *1 (M.D. Fla. Jan. 23, 2017), because this case does not involve a potential transfer decision by a MDL panel.

Charlene Edwards Honeywell
United States District Judge

Copies to:

Counsel of Record and Unrepresented Parties, if any