UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSH TWARDOSKY,
On behalf of himself and all
Similarly-situated individuals,

    Plaintiff,

v.                                  CASE NO. :  8:19-cv-02467-CEH-TGW

WASTE MANAGEMENT INC. OF
FLORIDA, and WASTE MANAGEMENT
NATIONAL SERVICES, INC.,

    Defendants.
_____/

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Before the Court is Plaintiff's Unopposed Motion for Preliminary Approval of Settlement and Notice to Settlement Class ("Motion") (Doc. 43), filed on November 10, 2020. In the Motion, Plaintiff seeks: (1) preliminary approval of the Settlement Agreement ("Settlement") between Named Plaintiff, the putative class, and Defendants; (2) preliminary certification of a "Background Check" class for settlement purposes only; (3) approval of the form and manner of notice to the class; and, finally (4) scheduling of a fairness hearing for the final consideration and approval of the Parties' Settlement. The Court considered the Motion, proposed settlement agreement, and the entire record of this case at a hearing held on January 7, 2021 (Docs 45, 46). Upon consideration, the Motion will be granted. Accordingly,

IT IS HEREBY ORDERED:

1.      <u>Incorporation of Definitions</u>. This Order incorporates by reference the definitions set forth in the Motion for preliminary approval and the proposed Settlement, and all terms used herein shall have the same meaning as set forth in those filings.

2.      <u>Preliminary Approval of Proposed Settlement</u>. The Parties' Settlement Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable, adequate, and within the range of reasonableness for preliminary settlement approval. The Court preliminarily finds that the Settlement resulted from extensive arm's length negotiations with the help of a mediator, and is sufficient to warrant notice of the Settlement to persons in the Settlement Class and a full hearing on the approval of the Settlement.

3.      <u>Class Certification for Settlement Purposes Only</u>. The parties seek certification of one settlement class based on Rule 23(b)(3) of the Federal Rules of Civil Procedure. Pursuant to Rule 23(c), the court conditionally certifies, for settlement purposes only, the following settlement class:

> <u>Background Check Class</u>:
> All U.S. resident individuals on whom an employment screening report for a Waste Management service-marked company was conducted where the screening report was ordered from Cisive between August 26, 2017 and March 29, 2020.

In connection with this conditional certification, the Court makes the following preliminary findings for settlement purposes only:

   A.   The Settlement Class, comprised of approximately 28,750 individuals, is so numerous that joinder of all members is impracticable;

   B.   There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether this Settlement should be approved;

C. Plaintiff's claims appear to be typical of the claims being resolved through the proposed settlement as to the Settlement Class;

D. Plaintiff appears to be capable of fairly and adequately protecting the interests of all Settlement Class Members in connection with the proposed settlement;

E. Common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class. Accordingly, the Settlement Class is sufficiently cohesive to warrant settlement by representation; and

F. Certification of the Settlement Class appears superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

4. <u>Class Counsel</u>. Based on the considerations in Rule 23(g), the Court appoints Brandon J. Hill and Luis A. Cabassa of Wenzel Fenton Cabassa, P.A. as Class Counsel for the Settlement Class.

5. <u>Class Representative's Standing and General Release Payment</u>. Based on the findings above, the court appoints Plaintiff Josh Twardosky as Class Representative for the Settlement Class members and determines that he has Article III standing. Based on the factual record developed in this case and as argued by the parties, Plaintiff Josh Twardosky is also releasing a cognizable claim under the Family Medical Leave Act and executing a general release of employment claims which has independent value. Therefore, the Court approves the Class Representative General Release Payment on the terms described in the Settlement as reasonable and specifically finds that it is not a payment of an incentive or service award.

6. <u>Class Notice and Claims</u>. The Court approves the form and content of the Proposed Long Form Notice attached as Exhibit C to the Motion and the Proposed Short Form

Notice to Class attached as Exhibit D to the Motion. The Court further finds that the Class Notice program described in the Settlement is the best practicable under the circumstances. The Class Notice program is reasonably calculated under the circumstances to inform the Settlement Class of the pendency of the Action, certification of a Settlement Class, the terms of the Settlement, Class Counsel's attorneys' fees application, and their rights to opt-out of the Settlement Class or object to the Settlement. The proposed Notices to Class constitute sufficient notice to all persons entitled to notice. The proposed Notices to Class satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the constitutional requirement of Due Process. The Class Notices are approved for posting on the website and distribution to the class and the proposed claims process is approved in accordance with the procedures and schedule included in the Settlement.

7. <u>Initial Motion for Fees and Expenses</u>. Class counsel's request for one-third of the common fund as a fee, plus litigation costs, appears to be reasonable at this preliminary stage and in line with *Camden I Condominium Assoc., Inc. v. Dunkle*, 946 F.2d 768, 770 (11th Cir. 1991). *See also Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1295–96 (11th Cir. 1999). Pursuant to Rule 23(h), Class Counsel is directed to file a motion for attorneys' fees and costs at least forty-five days prior to the final fairness hearing.

8. <u>Opt-Outs and Objections</u>. Class Members shall have the right to either opt-out or object to this settlement pursuant to the procedures and schedule included in the Settlement Agreement.

9. <u>Jurisdiction</u>.  The Court has jurisdiction over the subject matter of this Action, the Class Representative, the Settlement Class Members, and Defendant.  Jurisdiction is retained by this Court for matters arising out of the Settlement Agreement.

10. <u>Final Approval Hearing</u>.  A Final Approval Hearing is set for **May 20, 2021 at 11:00 a.m**. in Courtroom 13A, United States Courthouse for the Middle District of Florida, 801 North Florida Avenue, Tampa, Florida 33602.  The Court sets the following schedule for the Final Approval Hearing and the actions which must take place before it:

| Event | Date |
| --- | --- |
| Deadline for Completion of Mailed Notice | **February 14, 2021** |
| Deadline for filing Motion for Final Approval of the Settlement and Class Counsel's Fee Application and expenses, and for general release payment | **April 5, 2021** |
| Deadline for opting-out of the Settlement and for submission of Objections | **April 16, 2021** |
| Deadline for Responses to Objections | **May 5, 2021** |
| Final Approval Hearing | **May 20, 2021** |

DONE AND ORDERED in Tampa, Florida on this 22nd day of January, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

**Copies Furnished To**:
Counsel of Record