UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSH TWARDOSKY,
On behalf of himself and all
Similarly-situated individuals,

    Plaintiff,

v.   CASE NO.: 8:19-cv-02467-CEH-TGW

WASTE MANGEMENT INC. OF
FLORIDA, and WASTE
MANAGEMENT NATIONAL
SERVICES, INC.,

    Defendants.
_____/

**ORDER GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT**

This matter is before the Court on the Parties' Joint Motion for Final Approval of Class Action Settlement [Doc. 50], and Plaintiff's Unopposed Motion for Attorneys' Fees and Costs [Doc. 51], both of which came before the Court for hearing on May 20, 2021.  Due and adequate notice has been given to Settlement Class Members as required by the Court's Order [Doc. 48] granting preliminary approval to the class action settlement and conditionally certifying the class for settlement purposes. The Court, having considered all papers filed and proceedings in this action, and having received no objections to the settlement, will **GRANT**

the Joint Motion for Final Approval of Class Action Settlement, and **GRANT** Plaintiff's Unopposed Motion for Attorneys' Fees and Costs. The Court finds:

1. This Court has jurisdiction over the claims of the members of the Settlement Class asserted in this proceeding, personal jurisdiction over the Plaintiff and Defendants, and the members of the Settlement Class, as defined in the Settlement Agreement. Furthermore, the Named Plaintiff and class members have Article III standing pursuant to their claims under the FCRA, 15 U.S.C. § 1681b(b)(2)(i)-(ii).

2. Notice given to the class fully and accurately informed the Settlement Class of all material elements of the proposed settlement and of their opportunity to exclude themselves, object to, or comment on the settlement, and to appear at the final approval hearing. The notice was reasonable and the best notice practicable under the circumstances. The notice program described in the Settlement Agreement and completed by the Settlement Administrator complied fully with the requirements of due process, the Federal Rules of Civil Procedure, and all other applicable laws. The Notices required by the Class Action Fairness Act were properly and timely delivered.

3. The Settlement Agreement is not an admission by Defendants or by any other released party, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendants or any other released party. Neither this

Order, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement, may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Defendants or any of the Released Parties.

4. All members of the Settlement Class are bound by this Final Approval Order and by the terms of the parties' Settlement Agreement, including releases provided for in the Settlement.

5. Members of the Settlement Class were given a full opportunity to participate in the Final Fairness hearing. All members of the Settlement Class who did not timely and properly opt out of the settlement are bound by this Order.

6. The Court has considered all relevant factors for approving a class action settlement, namely whether the settlement is "fair, adequate and reasonable and not the product of collusion between the parties." *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). The Court has considered "(1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved." *Bennett*, 737 F.2d at 986. All such factors weigh in favor of granting final approval.

7. The Settlement was not a product of fraud or collusion. The claims were aggressively prosecuted and fiercely contested. The Settlement was a product of the parties' arm's length, adversarial negotiations and accomplished at a formal mediation conducted by a neutral third party. The terms of the settlement are in all respects fair, adequate, and reasonable.

8. It is clear that trying this case would be lengthy, expensive and could result in appeals. The parties were well positioned to assess the strengths and weaknesses of this case and the benefits of the proposed Settlement Agreement. Thus, considerations of the complexity, expense, and duration of the litigation, when viewed in context with the stage at which settlement was achieved, supports approval of the Settlement Agreement. In so finding, the Court has considered all evidence presented, including evidence regarding the strength of the Plaintiff's case; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in settlement; the extent of investigation and discovery completed; and the experience and views of Plaintiff's counsel. The Court has also considered the absence of objection to the settlement.

9. The net payments to Settlement Class Members of Eighteen Dollars and Fifty Cents ($18.50) are fair and reasonable in light of all the circumstances. The parties agreed to a claims-made settlement structure, requiring class members to submit claims forms to receive their award. Each Class Member that submitted

a claim prior to the claims' deadline will receive a monetary benefit in the appropriate range of statutory damages typically awarded in large FCRA class action settlements, such as this. The Court, therefore, orders the payments to be made and administered in accordance with the terms of the Settlement Agreement and this Order.

10. The services provided by the Settlement Administrator were for the benefit of the Settlement Class, and the actual cost of no more than $60,000.00 is fair, reasonable, and appropriate for reimbursement. The Court approves payment of actual costs up to this amount of $60,000.00 for administration fees, which includes all costs and fees incurred to date, as well as estimated costs and fees involved in completing the administration of the Settlement.

11. The Court has reviewed Plaintiff's Unopposed Motion for Attorneys' Fees and Costs. Class Counsel seeks attorneys' fees in the amount of one-third of the total potential Gross Settlement Fund ($300,000.000), and litigation costs totaling $15,192.80. Class counsel's request for one third of the common fund as a fee is reasonable and in line with *Camden I Condominium Assoc., Inc. v. Dunkle*, 946 F.2d 768, 770 (11th Cir.1991); *see also Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1295–96 (11th Cir. 1999). Class Counsel's unopposed fee and costs request is granted. Plaintiff's counsel is awarded a fee consisting of one-third of the total common fund, equivalent to $300,000.00, and litigation costs totaling $15,192.80.

12. Plaintiff Josh Twardosky is a suitable representative for the Settlement Class and his appointment as the Class Representative is confirmed. Plaintiff Twardosky's commitment to the litigation and its outcome ensured adequate advocacy for the Settlement Class, and his interests are aligned with those of the Settlement Class.

13. The Court finally approves the payment from the Settlement Fund of a general release payment to the Class Representative already preliminarily approved by the Court of $10,000.00 for all other employment and any other claims he is releasing against the Released Parties, including but not limited to a claim under the federal Family Medical Leave Act that had been subject to a demand letter sent by his attorney before this action. Plaintiff Josh Twardosky is awarded a general release payment totaling $10,000.00, in addition to the net payment he will receive as a class member.

14. The Parties are hereby directed to implement and consummate the Settlement Agreement according to its terms and conditions.

15. Defendant will fund the Settlement as described in Paragraph 40 of the Settlement Agreement and the Settlement Fund will be distributed in accordance with the terms of the Settlement Agreement.

16. Bay Area Legal Services, a non-profit charity, is appointed by the Court as the *cy pres* recipient.

17. This Final Approval Order shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure that is binding on the parties and the Settlement Class.

18. The Court hereby dismisses this Action and all claims with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement.

19. The Court retains jurisdiction over this case for one year for the purposes of enforcing the Settlement Agreement.

20. The Clerk is directed to close this case.

IT IS SO **ORDERED** this 28th day of June 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if Any